# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 18-1713V
UNPUBLISHED

LISA K. MATHIS,

              Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

              Respondent.

Chief Special Master Corcoran

Filed: May 11, 2020

Special Processing Unit (SPU);
Damages Decision Based on Proffer;
Influenza (Flu) Vaccine; Anaphylaxis

*Nancy Routh Meyers, Ward Black Law, Greensboro, NC, for petitioner.*

*Jennifer Leigh Reynaud, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

On November 5, 2018, Lisa K. Mathis filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered anaphylaxis as a result of an influenza ("flu") vaccine administered on November 13, 2017. Petition at *Preamble*. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 11, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for anaphylaxis. ECF 30. On May 11, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $25,000.00. Proffer at 1. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $25,000.00 in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| LISA K. MATHIS,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | No. 18-1713V<br>Chief Special Master Corcoran<br>ECF |

## PROFFER ON AWARD OF DAMAGES

On November 5, 2018, Lisa K. Mathis ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended.  The Petition alleged that petitioner suffered anaphylaxis as a result of an influenza ("flu") vaccine administered on November 13, 2017. Petition at *Preamble*.  Respondent conceded petitioner's entitlement to compensation in his Rule 4(c) Report filed on February 12, 2020.  Based on Respondent's Rule 4(c) Report the Court found petitioner entitled to compensation.

## I.      Item of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded $25,000.00, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.      Form of the Award

Respondent recommends that the compensation provided to petitioner should be made

through a lump sum payment of **$25,000.00**, in the form of a check made payable to petitioner.[1]

This lump sum payment represents all elements of compensation to which petitioner would be

entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

        Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

                        Respectfully submitted,

                        JOSEPH H. HUNT
                        Assistant Attorney General

                        C. SALVATORE D'ALESSIO
                        Acting Director
                        Torts Branch, Civil Division

                        CATHARINE E. REEVES
                        Deputy Director
                        Torts Branch, Civil Division

                        ALEXIS B. BABCOCK
                        Assistant Director
                        Torts Branch, Civil Division

                         s/Jennifer L. Reynaud
                        JENNIFER L. REYNAUD
                        Trial Attorney
                        Torts Branch, Civil Division
                        U.S. Department of Justice
                        P.O. Box 146
                        Benjamin Franklin Station
                        Washington, D.C. 20044-0146
                        Tel:  (202) 305-1586

Date:   May 11, 2020

---

[1]  Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.